Dear Mr. Wimberley:
You requested the opinion of this office concerning whether the Acadia-St. Landry Hospital Home Health, LLP (the "Venture") is a quasi-public agency subject to audit by the legislative auditor. The Venture was formed as a joint venture between the Acadia-St. Landry Hospital Service District No. 1[1] (the "District" or the "Hospital") and Acadian Home Care, Inc. ("Acadian") for the provision of home health care services to residents of the Hospital's service district, including private pay patients.
You advised that the arrangement between the Hospital and Acadian is a cooperative endeavor authorized under La. Const. Art. VII, Sec. 14 and R.S. 46:1077. You advised that the Venture's operations are capitalized solely by Acadian. The Hospital does not make any capital fund contribution to the Venture. The Hospital did contribute the use of surplus furniture and equipment together with an initial supply of surplus inventory. This property was valued at $20,000 which was the same value given to the contributions made by Acadian. The Articles of Joint Venture provide in Section 5.1 that the interests of the Venturers in any gross profits and their respective shares in any losses and/or liabilities are to be divided 50/50.
We contacted the CPA for the District and inquired as to whether the Venture was treated as a component unit of the Hospital under generally accepted accounting principles. We were advised that the Venture is included in the Districts' financials as a component unit.
R.S. 24:513 sets forth the powers and duties of the legislative auditor, and provides in Subsection (A) (1) (a) that the legislative auditor has the authority to compile financial statements and to examine, audit, or review the books and accounts of certain specified entities, including ". . . all public boards, commissions, agencies, departments, political subdivisions of the state, public officials and employees, . . . and allother public or quasi public agencies or bodies,
hereinafter collectively referred to as the `auditee'." (Emphasis added).
R.S. 24:513 (A) (1) (b) defines a quasi public agency or body in pertinent part as follows:
 "(b) For the sole purpose of this Subsection, a quasi public agency or body is defined as:
 (i) An organization, either not for profit or for profit, created by the state of Louisiana or any political subdivision or agency thereof, any special district or authority, or unit of local government to perform a public purpose.
 (ii) An organization, either not for profit or for profit, that is a component unit of a governmental reporting entity, as defined under generally accepted accounting principles." (Emphasis added)
Comparing the facts stated above to the definition contained in R.S.24:513 (A) (1) (b), it is the opinion of this office that the Venture is a quasi-public agency for purposes of submitting an audit to the legislative auditor.
First, the Venture is a nonprofit organization created by a political subdivision of the state to perform a public purpose. A hospital service district is a political subdivision of the state. R.S. 46:1072 (2). Joint ventures entered into by a hospital service district pursuant to R.S.46:1077 are presumed to have been entered for a public purpose. Thus the Venture is a quasi-public agency under R.S. 24:513 (A) (1) (b) (i). Secondly, the Venture is a quasi public agency under R.S. 24:513(A) (1) (b) (ii) as the Venture is considered a component unit of the District under generally accepted accounting principles.
Please note that the financial statements of quasi public agencies "shall be audited or reviewed by licensed certified public accountants subject to Paragraphs (5) and (6)" of R.S. 24:513 (A), but may be audited by the legislative auditor pursuant to R.S. 24:513 (A) (4). R.S. 24:513
(A) (3). This is qualified by R.S. 24:513 (A) (4), which provides in pertinent part:
 "(4) Paragraph (3) of this Subsection and Subsection B notwithstanding, the legislative auditor may audit or investigate a local auditee only in those instances when:
 (a) The local auditee has failed after thirty days written notice from the legislative auditor to comply with the provisions of this Section relating to timely audits.
 (b) The Legislative Audit Advisory Council and the legislative auditor have determined that the local auditee is unable to pay for an audit by a licensed certified public accountant.
 (c) The local auditee exhibits a record of egregious control deficiencies and failures to comply with laws and regulations.
 (d) The legislative auditor has received complaints of illegal or irregular acts with respect to the local auditee.
 (e) The local auditee, after requesting proposals for audit services, receives less than three proposals from licensed certified public accountants or the local auditee receives three or more proposals and the local auditee rejects all proposals for cause, including but not limited to excessive cost.
 (f) In the opinion of the legislative auditor and the Legislative Audit Advisory Council the best interest of the state of Louisiana would be served by his audit of the local auditee.
In lieu of examinations by the legislative auditor, the legislative auditor may, at his discretion, accept an audit or review report prepared by a licensed certified public accountant, provided that (i) such audit or review is performed in accordance with generally accepted governmental auditing standards and the Louisiana Governmental Audit Guide and (ii) the legislative auditor has approved the engagement letter.
Trusting that this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
[1] The Articles of Joint Venture which you submitted to this office are between Acadian and Acadia St. Landry Home Health, Inc., which we understand was created by and is part of the Acadia-St. Landry Hospital Service District.